# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5974 | **DATE** | 7/29/2004 |
| **CASE TITLE** | Warren Mocny vs. Kevin Rake, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order granting Defendants' Motion to Dismiss [doc. #10-1] as to Plaintiff's claims of unreasonable search, malicious prosecution, and due process, as well as statutory indemnification for those claims. The motion is denied as to both Plaintiff's false arrest claim and statutory indemnification for that claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| DL | courtroom deputy's initials | 2004 JUL 29 PM 6:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WARREN MOCNY, | ) | JUL 3 0 2004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Ronald A. Guzmán |
| v. | ) | |
| | ) | 03 CV 5974 |
| KEVIN RAKE and VILLAGE OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action brought under 42 U.S.C. § 1983 is before the Court on Defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following well-pleaded facts are assumed to be true for the purpose of this motion. *See Shell Oil Co. v. Aetna Cas. & Sur. Co.*, 158 F.R.D. 395, 399 (N.D. Ill. 1994). Plaintiff alleges that on April 8, 2000, he and two friends were driving in Plaintiff's car in the Village of Justice and were stopped by Defendant Officer Kevin Rake without probable cause. Then, without an arrest warrant, a search warrant, or probable cause, Rake allegedly proceeded to search Plaintiff's vehicle and arrested Plaintiff for possession of narcotics. The complaint is unclear as to whether Plaintiff was

incarcerated after arrest or the length of time for which he was detained. Based on Rake's allegedly false reports (both written and oral) to state prosecutors that he witnessed drugs in Plaintiff's possession, and Rake's allegedly false testimony of the same at a preliminary hearing, Plaintiff was falsely charged with possession of narcotics. After Plaintiff's successful motion to suppress, the charge was dismissed on August 28, 2001 pursuant to a motion by the State's Attorney.

Plaintiff filed this § 1983 action against Rake and the Village of Justice on August 25, 2003 and amended the complaint on October 14, 2003. As far as this Court can tell from the amended complaint, Plaintiff's claims against Rake are violations of the Fourth Amendment right to be free from false arrest and unlawful search, violation of due process under the Fourteenth Amendment, and malicious prosecution (under either state or federal law) (Count I). Against the Village of Justice, Plaintiff alleges a duty of indemnification under 745 Ill. Comp. Stat. 10/9-102 (2004) (Count II).

Defendants' motion to dismiss argues that (1) Plaintiff's claims are barred by the Illinois statute of limitations governing § 1983 claims; (2) there exists no state law or § 1983 cause of action for malicious prosecution; (3) Rake has absolute immunity for his report to the state prosecutor and for his pre-trial testimony, and (4) Plaintiff has failed to allege a § 1983 claim against Village of Justice.

## **DISCUSSION**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520

(7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). "In considering a motion to dismiss, the court must accept as true all the well-pleaded material facts in the complaint and must draw all reasonable inferences from those facts in the light most favorable to the plaintiff." *Shell Oil*, 158 F.R.D. at 399; *see Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this stage, it is not a function of the Court to determine whether Plaintiff will prevail, but only that he has pleaded sufficient facts to proceed. *Id.* at 46-47. However, this Court is neither bound by Plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine Plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

In any § 1983 action, a plaintiff must "[f]irst . . . allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

A.   **Fourth Amendment Search and Seizure**

To state a § 1983 claim for deprivation of the Fourth Amendment right to be free from search or arrest without probable cause, Plaintiff need only plead that Rake, acting under color of state law, arrested him without probable cause. *See Ernst v. Anderson*, No. 02 C 4884, 2003 WL 174193, at *6 (N.D. Ill. Jan. 27, 2003). Defendants apparently do not dispute that Plaintiff has met this burden. (Am. Comp. ¶¶ 6, 10.) Additionally, the parties do not disagree that Plaintiff's § 1983 Fourth Amendment claim is governed by a two-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-

202 (2004); *Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998). Instead, the dispute centers on when Plaintiff's Fourth Amendment claim began to accrue. Defendants argue that the claim began to accrue on April 8, 2000, the date of arrest. Plaintiff responds that the claim began to accrue on August 28, 2001, the date that proceedings against him were dismissed. Because the Complaint was filed on August 25, 2001, the false arrest claim will be barred if the statute of limitations accrued on the date of arrest.

The traditional rule in the Seventh Circuit has been that false arrest and unreasonable search claims accrue on the date of arrest. *See Starling v. Cronin*, No. 98 C 7900, 2000 WL 1036301, at *3 (N.D. Ill. July 21, 2000) (citing *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998)) (analyzing false arrest claim); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995) (analyzing unreasonable search claim). This is because in most false arrest and unreasonable search cases, a "plaintiff can plead all the elements on the day of the arrest regardless of later proceedings"; a wrongful arrest or unlawful search claim "does not inevitably undermine a conviction." *Sneed*, 146 F.3d at 481; *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001) (explaining that the accrual-upon-arrest rule is logical because "the injury of being detained illegally is compensable regardless of whether the plaintiff is later convicted or even prosecuted").

But there is an exception to the accrual-upon-arrest rule for some false arrest claims. *See Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004); *Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir. 2003) *(reh'g and reh'g en banc denied)*. When success in a § 1983 action would "'necessarily imply the invalidity' of the plaintiff's actual or potential conviction," then the claim does not "accrue until the day on which the . . . charge was dismissed." *Wiley*, 361 F.3d at 996

4

(noting that otherwise, a suit for damages risks being inconsistent with or undermining criminal findings) (citation omitted).

In *Wiley*, the defendant was arrested on the basis of drugs allegedly "planted" on his person. *Id.* at 995. After the arrest, the police allegedly misrepresented Wiley's guilt to prosecutors. *Id.* Wiley later sued for wrongful prosecution and false arrest, claiming that as to the latter, his claim fit within the accrual exception because the officers' allegedly false statements were the sole basis for both the state's criminal action and his civil rights suit against the city. *Id.* at 996-97. The Seventh Circuit agreed, concluding that if Wiley's allegation that he was arrested and prosecuted solely on the basis of planted drugs was correct, "then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs." *Id.* at 997; *see also Gauger*, 349 F.3d at 362 (explaining that the defendant "could not knock out the arrest without . . . [first] invalidating the use in evidence of his admissions, without which, as we have said, he could not be convicted"). Therefore, under the circumstances, the plaintiff's false arrest claim properly accrued upon dismissal of criminal charges. *See Wiley*, 361 F.3d at 997-98.

Reading the complaint "in the light most favorable to the plaintiff," *Shell Oil*, 158 F.R.D. at 399, it appears that the false arrest claim could not be invalidated without challenging the basis of a conviction. According to Plaintiff's allegations, his criminal charges and his civil rights suit both turn on whether Officer Rake falsely reported that Plaintiff possessed narcotics. Plaintiff's conviction was effectively nullified on August 28, 2001. *See Gauger*, 349 F.3d at 361-62. Plaintiff filed the present action on August 25, 2003, three days short of the claim's expiration. Accordingly,

5

Defendants' motion to dismiss Plaintiff's unreasonable search claim is granted, but the motion to dismiss Plaintiff's false arrest claim is denied.

**B.     Malicious Prosecution**

Plaintiff concedes that he did not intend to allege a state-law claim for malicious prosecution but leaves unclear whether he intended to allege a federal claim of the same. (Pl.'s Resp. Defs.' Mot. Dismiss at 2.) In any event, the existence of a state claim of malicious prosecution "knocks out any constitutional tort of malicious prosecution." *Newsome*, 256 F.3d at 750. Therefore, to the extent the Complaint may allege a constitutional claim of malicious prosecution, it is dismissed.

**C.     Due Process**

Since *Newsome* was decided, Illinois federal courts have recognized a § 1983 remedy for "trial-based government misconduct based on violations of due process – not claims of malicious prosecution." *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002) (discussing *Newsome*, 256 F.3d at 751). After *Newsome*, "claims of malicious prosecution should be analyzed . . . under the language of the Constitution itself." *Id.* "*Newsome* teaches that . . . the plaintiff must allege that the officers withheld information or evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution." *Id.* at 998-99.

There appear to be two separate bases for a § 1983 due process claim in this case. The first stems from Rake's allegedly perjured testimony at the preliminary hearing, the second from Rake's allegedly false report to state prosecutors. The former is barred by absolute immunity, which protects officers from liability for perjured testimony in both adversarial pretrial proceedings and at trial. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995). Therefore, Defendants' motion

6

to dismiss Plaintiff's due process claim premised on Rake's allegedly false testimony at the preliminary hearing must be granted.

The question, then, is whether Rake's alleged false reports to state prosecutors constitutes a valid due process claim.[1] Police officers may be liable for a constitutional violation both when they suppressed exculpatory evidence and when they fabricate inculpatory evidence, regardless of whether the charges in question proceeded to trial. *See McCullah v. Gadert*, 344 F.3d 655, 660-61 (7th Cir. 2003) (noting, in *dicta*, that a false police report may be actionable on due process grounds if it "omits allegedly exculpatory facts" or "contains fabricated information," even where charges are ultimately dismissed before trial).[2]

Regardless of whether false reports to prosecutors could ever state a due process claim if the criminal charges are dismissed before trial, it is clear that Plaintiff's claim is foreclosed in this case,

---

[1] For false police reports, officers have neither absolute nor qualified immunity. *Ienco*, 286 F.3d at 1000 ("[N]o absolute testimonial immunity attaches to the actions of the officers outside of trial."); *Newsome*, 256 F.3d at 752-53 (holding that the right to be free from biased prosecution is a "clearly established" right, voiding the argument that officers are entitled to qualified immunity for false reports); *Gauger*, 349 F.3d at 358 ("[I]f police falsify their reports in a successful effort to persuade the prosecutors to prosecute a suspect, they have violated his civil rights and he can sue the police without worrying about immunity.").

[2] Some cases suggest that fabricating inculpatory evidence or withholding exculpatory evidence constitutes a Fourth Amendment violation, rather than a due process violation, when the case did not proceed to trial. *See Newsome*, 256 F.3d at 752 (noting that withholding exculpatory evidence sets forth "a due process claim in the original sense of that phrase – [the defendant] did not receive a fair trial"); *Molina v. Cooper*, No. 00 C 50230, 2002 WL 426035, at *8 (N.D. Ill. Mar. 18, 2002) (noting that because charges were dismissed against defendants before trial, it was unclear whether false testimony at a preliminary hearing would amount to a due process claim, rather than a Fourth Amendment claim); *see also United States v. Stott*, 245 F.3d 890, 902 (7th Cir. 2001) (holding that the Seventh Circuit has never expressly decided whether disclosures under *Brady v. Maryland*, 373 U.S. 83 (1963) are required prior to a suppression hearing).

because "police officers who make false statements to prosecutors are not withholding exculpatory evidence (the truth) when the defendant knows the statements are false." *Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 966 (N.D. Ill. 2003) (summarizing *Gauger*, 349 F.3d at 360); *see Gauger*, 359 F.3d at 360 (holding that there was no duty to disclose detectives' false reports of defendant's interrogation); *Fullwood v. Lee*, 290 F.3d 663, 685-86 (4th Cir. 2002) (holding that an officer has no obligation to disclose personal observations if the defendant himself has first-hand access to that information). The present case is similar to *Ienco v. Angarone*, where the dispute centered around the police officer's false representation of whether the plaintiff provided identification at the officer's request. 291 F. Supp. 2d 755, 761 (N.D. Ill. 2003). The question was whether that the officer's false rendition of the circumstances surrounding arrest constituted "suppressed" evidence. *Id.* The court said no, because the plaintiff "already possessed this piece of information - - he was present at the scene when the defendants asked for his identification." *Id.* Similarly, Plaintiff was present at the time of arrest, knew the basis for Rake's alleged lies, and could access evidence to prove the inaccuracy of the officer's version of the event. Accordingly, Defendants' motion to dismiss Plaintiff's Count I allegations of violation of due process is granted.

### D. Statutory Indemnification

Plaintiff concedes that his amended complaint contains no independent bases for holding Village of Justice constitutionally liable; rather, Plaintiff's statutory indemnification claim under 745 Ill. Comp. Stat. 10/9-102 against the Village depends upon a finding that Rake violated Plaintiff's constitutional rights. *See Wilson v. City of Chi.*, 120 F.3d 681, 684-85 (7th Cir. 1997) (explaining that a plaintiff need not wait until after a judgment is entered against a municipal employee to

proceed against a municipality under section 9-102). Plaintiff has only stated a valid § 1983 claim against Rake for false arrest; all other allegations have been dismissed. Accordingly, the Court grants Defendants' motion to dismiss Count II as to Plaintiff's claims of unreasonable search, malicious prosecution, and due process, but denies the motion as to statutory indemnification for false arrest.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [doc. no. 10-1] is granted as to Plaintiff's claims of unreasonable search, malicious prosecution, and due process, as well as statutory indemnification for those claims. The motion is denied as to both Plaintiff's false arrest claim and statutory indemnification for that claim.

JUL 2 9 2004

**SO ORDERED.**          ENTERED: _____
                         HON. RONALD A. GUZMAN
                         **United States Judge**

9