IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARREN MOCNY, | ) |
| | ) |
| Plaintiff, | ) 03 C 5974 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| OFFICER KEVIN RAKE and the | ) |
| VILLAGE OF JUSTICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Warren Mocny ("Mocny") has sued Officer Kevin Rake and the Village of Justice ("Village") under 42 U.S.C. § ("section") 1983 for their alleged violations of his Fourth Amendment rights. Before the Court are Rake's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment and his motion to strike portions of plaintiff's submissions. For the reasons set forth below, the motion to strike is denied in part and dismissed as moot in part and the motion for summary judgment is denied.

### Facts[1]

Mocny is a resident of Chicago Ridge, Illinois. (Def.'s LR 56.1(a)(3) ¶ 6.) Rake is a Village police officer and was so employed at the time of the incidents in question. (*Id.* ¶ 7.)

On April 8, 2000, Rake stopped the car in which Mocny was a passenger. (*Id.* ¶ 10.) Though Mocny disputes it, Rake claims that, as he approached the car, he saw two objects being thrown out of the passenger window. (*Id.* ¶ 13; Pl.'s LR 56.1(b)(3)(a) Stmt. ¶¶ 13, 18.) Rake

---

[1]Unless otherwise noted, the following facts are undisputed.

says he retrieved the objects, which were two small envelopes that contained what appeared to be cocaine. (Def.'s LR 56.1(a)(3) ¶ 14.)

After finding the suspected cocaine, Rake searched Mocny. (*Id.* ¶ 17.) Rake says he found two "draw straws," small straws commonly used to snort cocaine, in a pack of cigarettes in Mocny's shirt pocket. (*Id.*) Mocny denies that the straws found in his cigarette pack are illegal drug paraphernalia. (Pl.'s LR 56.1(b)(3)(a) Stmt. ¶¶ 17, 18.) Rake arrested Mocny and charged him with unlawful possession of a controlled substance and unlawful possession of drug paraphernalia. (Def.'s LR 56.1(a)(3) ¶ 20.)

On August 28, 2001, a state court judge granted Mocny's motion to quash the arrest and suppress the evidence Rake had found. (*Id.* ¶¶ 24, 30.) As a result of the court's ruling, the State's Attorney decided to *nolle prosequi* the criminal prosecution. (*Id.* ¶ 31.)

## Discussion

### Motion to Strike

Rake asks the Court to strike paragraphs 11, 13-16, 27-28 and 30 of plaintiff's LR 56.1(b)(3)(A) Statement. Because the Court did not use any of the facts asserted in those paragraphs in resolving this motion, Rake's motion to strike them is dismissed as moot.

Paragraphs 13 and 14, however, go to the heart of the motion. In those paragraphs, plaintiff disputes Rake's assertions that he saw two objects being thrown from the passenger window of the car and that he retreived the objects, which were small envelopes, opened them and concluded that they contained cocaine. Plaintiff's denials should be stricken, Rake says, because he is not competent to testify as to what Rake observed and believed.

2

The Court disagrees. Plaintiff says Rake could not have seen two objects thrown from the passenger window of the car because plaintiff, who was in the passenger seat of the car, did not throw anything out of the window. If that is true, and for the purposes of this motion we must assume that it is, then plaintiff's denial of paragraphs 13 and 14 of Rake's LR 56.1(a) Statement are proper. Rake's motion to strike those paragraphs from plaintiff's LR 56.1(b)(3)(A) Statement is, therefore, denied.

Rake also asks us to strike paragraphs 5-7, 9-10, 13, 15-17, 19-20, 22-23, 27, 36-38 and 41-43 of Rake's LR 56.1(b)(3)(B) Statement because they are not properly supported or are irrelevant to the case. Paragraphs 5-7 assert facts that Rake asserts or assumes in his own papers. Rake admits the facts plaintiff asserts in paragraphs 19 and 41-43. And, paragraphs 9-10, 13, 15-17, 20, 22-23, 27, 36-38 were not considered by the Court. Thus, Rake's motion to strike these statements is dismissed as moot.

## Motion for Summary Judgment

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Before we turn to Rake's motion, we need to say a word about the procedural history of his case. On July 29, 2004, the Court granted, in part, defendants' motion to dismiss plaintiff's amended complaint. (*See* 7/29/04 Mem. Op. & Order.) On that date, the Court dismissed with prejudice the section 1983 unreasonable search, malicious prosecution and due process claims Mocny asserted against Rake, as well as the corresponding state-law indemnification claims he asserted against the Village. (*See id.*) That decision left only one claim against Rake: the section 1983 false arrest claim. Thus, though plaintiff argues extensively about the defunct claims, the Court's discussion will be confined to the sole claim asserted against Rake that remains in the suit.

## False Arrest

Rake contends that he is entitled to judgment on the section 1983 false arrest claim because it is time-barred. Section 1983 claims filed in Illinois have a two-year statute of limitations. *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 594 (7th Cir. 2001). The limitations period on a section 1983 false arrest claim normally starts to run at the time of the arrest. *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998). Because plaintiff did not file this claim until August 25, 2003, more than three years after the contested arrest, Rake contends that the claim is time-barred.

The Court disagrees. An exception to the accrual-upon-arrest rule exists when success in a section 1983 action would "necessarily imply the invalidity of the plaintiff's actual or potential conviction." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 125 S. Ct. 61 (2004). In such cases, the claim does "not accrue until the day on which the charge was dismissed." *Id.* at 996 (internal quotation marks,

4

alterations and citation omitted). Because plaintiff's success on the false arrest claim would necessarily have implied that the drug charges levied against him were invalid, his false arrest claim did not accrue until August 28, 2001, the date the charges against him were dropped. Mocny filed this suit less than two years later. Thus, the false arrest claim is timely.

Even if it is timely, Rake says the arrest claim still must be dismissed because the record establishes that he had probable cause for the arrest. "[T]he existence of probable cause . . . is an absolute bar to a Section 1983 claim for unlawful arrest . . . ." *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). Rake had probable cause to arrest if "the facts and circumstances within [his] knowledge and of which [he had] reasonably trustworthy information [were] sufficient to warrant a prudent person in believing that [plaintiff] had committed or was committing an offense." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (internal quotation marks, alterations and citation omitted).

The offenses with which plaintiff was charged were illegal possession of a controlled substance and illegal possession of drug paraphernalia. Plaintiff committed the former offense if he "knowingly . . . possess[ed] a controlled or counterfeit substance." 720 ILL. COMP. STAT. 570/402. He committed the latter offense if he had any "equipment, products [or] materials of any kind [that] are intended to be used unlawfully in . . . injecting, ingesting, inhaling or otherwise introducing into the human body cannabis or a controlled substance," which he "knowingly possesse[d] . . . with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body." 720 ILL. COMP. STAT. 600/2, 600/3.5(a). Rake says the record establishes that he had probable cause to arrest plaintiff for both of these crimes.

The Court disagrees. The drug possession arrest was based on Rake's discovery of the envelopes of suspected cocaine. Plaintiff, however, denies that any such envelopes existed. Thus, viewed favorably to plaintiff, the record does not establish that Rake had probable cause for the drug possession arrest.

The same is true for the drug paraphernalia arrest. That arrest was based on Rake's discovery of two small straws in a pack of cigarettes in plaintiff's shirt pocket. Plaintiff admits that he had the straws, but denies that they were "draw straws," *i.e.* illegal drug paraphernalia, as Rake concluded. It may be that Rake had a solid basis for drawing that conclusion. But the record does not disclose it. In particular, there is no evidence about: (1) how many times Rake has encountered draw straws; (2) what, in Rake's experience, such straws are typically made of or look like; (2) what the straws in plaintiff's possession were made of and looked like; or (3) where, in Rake's experience, draw straws are typically found. Absent evidence that the explains why Rake believed these straws were illegal drug paraphernalia, we cannot say that he had probable cause to arrest plaintiff on that charge.

### Qualified Immunity

Qualified immunity shields police officers from liability for civil damages if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Thompson v. Wagner*, 319 F.3d 931, 935 (7th Cir. 2003) (internal quotation marks and citation omitted). Rake is entitled to qualified immunity if a reasonable officer could have believed, under the circumstances surrounding the arrest, that a plaintiff had committed or was committing an offense. *Id.* "A reasonable, but mistaken, belief that probable cause exists is sufficient for entitlement to qualified immunity." *Id.*

Viewed favorably to plaintiff, the record does not establish that a reasonable officer could have believed that plaintiff was committing or had committed either of the offenses for which he was arrested. Resolving all factual disputes in plaintiff's favor, the record shows that Rake arrested plaintiff for possession of illegal drugs and drug paraphernalia solely because plaintiff had two small straws that Rake believed, for no apparent reason, were used to snort cocaine. Given those facts, a reasonable police officer could not have believed that probable cause for arrest existed. Consequently, Rake is not entitled to qualified immunity on the false arrest claim.

## Conclusion

For the reasons set forth above, the Court denies Officer Kevin Rake's motion for summary judgment [doc. no. 35] and denies in part and dismisses as moot in part Rake's motion to strike [doc. no. 47].

**SO ORDERED.**  **ENTERED:** 8/2/05

HON. RONALD A. GUZMAN
**United States District Judge**